UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS                                    PLAINTIFF

VS.                        CASE NO. 4:16–cv00878–BSM

STATE OF ARKANSAS AND
BOONE COUNTY CIRCUIT CLERK                           DEFENDANT

## STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Statement

of Undisputed Facts in support of the simultaneously-filed Motion for Summary Judgment.

**UNDISPUTED FACT NO. 1** – On April 10, 2012, Plaintiff filed a lawsuit in the Boone County

Circuit Court, seeking eleven million ($11,000,000) in damages for the torts of malicious

prosecution, abuse of process, defamation, breach of contract, conversion, and battery. This case

was assigned Case No. CV2012-85-4 by the Boone County Circuit Clerk. See **Exhibit A.**

**UNDISPUTED FACT NO. 2** – On October 7, 2014, the Arkansas Supreme Court assigned

Russel Rogers to preside over and judge the state case. See **Exhibit B.**

**UNDISPUTED FACT NO. 3** – On January 23, 2015, the special judge entered an order stating

that only the contract and battery claims would continue to be litigated … in essence, dismissing

the other four claims. See **Exhibit C.**

**UNDISPUTED FACT NO. 4** – There was no motion to dismiss or motion to strike the other

four claims pending in the state case at the time.

- This undisputed fact has no exhibit attached to it. How am I supposed to attach an exhibit
  
  in order to prove that a motion *doesn't* exhibit?! Rather, I challenge the Defendants to
  
  disprove this fact when they file their Response to this Motion, by providing a copy of

the Defendant's Motion to strike the four claims that Rogers was sua sponte dismissing.

For that matter, the Court can take judicial notice that there was no pending motion,

seeing as how the record in the state case is public record and can be viewed either from

the Boone County Circuit Clerk's Office or the AR Supreme Court/Court of Appeals

Clerks Office.

**UNDISPUTED FACT NO. 5** – An appeal was filed in the state case on July 1, 2015. See

**Exhibit D**.

**UNDISPUTED FACT NO. 6** – On September 7, 2016, the Arkansas Court of Appeals

remanded the case back to the Circuit Court with instructions to supplement the record by

including the January 23, 2015 order as part of the record. This supplemental record was

supposed to be due on October 7, 2016. See **Exhibit E**.

**UNDISPUTED FACT NO. 7** – The Boone County Circuit Clerk never complied with the order

to supplement the record, and no indication appears on the record that they ever even so much as

attempted to explain the deficiency or request more time to comply. See **Exhibit F**.

**UNDISPUTED FACT NO. 8** – The State of Arkansas made no effort to enforce the Court of

Appeals' order against the Boone County Circuit Clerk.

- Much like Undisputed Fact No. 4, this fact is proven beyond material dispute, not by

  showing an exhibit, but by challenging the Defendants to show counter-evidence. This is,

  to my knowledge, the only way such a fact can be proven.

**UNDISPUTED FACT NO. 9** – The Arkansas state judiciary has openly admitted, numerous

times during the state case, that they were ruling against me either primarily or exclusively

because they do not like me because of my litigation history.

- See **Exhibit G**, where the presiding judge states that he was denying my motion because

"[the plaintiff] uses his medical condition ... as a weapon" and that, for this reason, "I consider him to be ... a nuisance." He also states that my factual allegations "contain only a faint glimmer of the truth," but he offers no evidence or details beyond simply saying I'm wrong for no other reason than he says I am wrong. Therefore, his claims that my motion lack independent merit should be taken with a grain of salt.

- See also **Exhibit H**, another order issued slightly over a month later. This time, he does not make even the slightest effort to cover up the fact that he is ruling against me *exclusively* out of personal hatred for me on account of my disabilities, as evidenced by the underlined sections of Page 2 of the exhibit.

**UNDISPUTED FACT NO. 10** – Over the past 2/3 of a decade, various government officials have made no secret that they absolutely despise me for my litigation history.

- See **Exhibit I**, where a person threatened to conspire with local government to deny me access to the Courts. See also **Exhibit J**, where local Harrison attorney James E. Goldie took credit for writing and sending that document.

- See also **Exhibit K**. Arguing to keep my bail at $75,000, he references my "past history," but literally two seconds later, he admits that I have no prior felony. So the only "past history" he could possibly be referring to is my litigation history.

- See also **Exhibit L**, referencing my litigation history and admitting that he was only doing that "just to make the court aware." In other words ... he wanted to stir up resentment against me for my litigation history, entirely for its own sake.

- See also **Exhibit M**, where Bradford (acting in a representative capacity for the State of Arkansas) expressed his belief that my litigation history was such a heinous crime that it was worth disowning me over.

- See also **Exhibit N**. This time, the State of Arkansas (acting in a representative capacity, of course) did far more than merely express disdain for my litigation history. Instead, my waiver of my constitutional right to court access was made *quid pro quo* conditional on me not going to prison.

- See also **Exhibit O**, where the public defender who represented me in the criminal case gave her expert legal opinion that the statements contained in Exhibits K through M, and the demands contained in Exhibit N, were sufficient to raise suspicion of vindictive activity.

- See also **Exhibit P**, where a former jail guard admitted that he believed that lawsuits are a heinous crime that he felt personally traumatized over.

- See also **Exhibit Q**, where an unnamed licensed psychological examiner who works for the Arkansas Rehabilitation Services recommended that the ARS discriminates against me partly on account of my litigation practices.

In light of these undisputed facts, I ask that the Court hold that it is not in dispute that the Defendants are retaliating against me in the current action and, in doing so, have cost me $11,000,000 in damages, plus $3,013.70 per day.

**UNDISPUTED FACT NO. 11** – The state court judgment that the Defendants' retaliation has prevented me from obtaining had a value of $16,173,000. See **Exhibit R**, where I requested that amount in damages instead of the initial $11,000,000 because, as stated by both Arkansas and Federal Rules of Civil Procedure 54(c), I am entitled to recover any relief I am entitled to, regardless of whether it was requested in the pleadings (Exhibit A), unless I am receiving a default judgment.

**UNDISPUTED FACT NO. 12** – In response to my complaint that I am the victim of

government corruption, the defendants not only find my belief to be untrue, but they believe that I am *delusional* for believing it in the first placed! They then use this arbitrary diagnosis as grounds, without more, to dismiss anything I said out of hand.

- See **Exhibit H** ("As to the ... demands that something be done to punish Mr. Goldie, I will not do so for the following reasons: ... 2. The Plaintiff ... is most likely homicidal ... as well as paranoid and delusional.")
- See also **Exhibit S** ("must be a conspiracy there" suggesting that he believes that everything I accuse anyone of is automatically some grand conspiracy)

**UNDISPUTED FACT NO. 13 –** In order to lend artificial credence to their belief that I am delusional, the defendants (both in this case, and in the state case) have attempted to sensation-alize my accusations by cranking up the outlandishness of the accusations to eleven to the point where the outlandishness alone provides the rebuttal evidence, without them having to provide any rebuttal evidence of their own. Specifically, their strategy is to act like I believe the *whole wide world* – from the richest and most powerful heads of state to the weakest and most insignificant of third world peasant babies – were part of this conspiracy. And by "babies," I mean babies who were born *after* the persecution began, but somehow magically were born with the knowledge "I owe a civic duty to persecute David A. Stebbins" before they even knew how to use the potty. Their strategy is to act like this is my position, even when they know full well that it is not my position.

- See also **Exhibit S** ("must be a conspiracy there")
- See also **Exhibit U**

  "THE COURT: This is some more proof of the conspiracy, worldwide conspiracy to deprive you of –
  MR. STEBBINS: Is not worldwide sir."

- See also **Exhibit T** ("Yes, they are part of the conspiracy." ... "They are also part of that big conspiracy." ... the list goes on and on)

**UNDISPUTED FACT NO. 14** – To be delusional, it is not enough that the subject believe something. To be delusional, the subject must maintain the belief "despite indisputable evidence to the contrary." See **Exhibit V**. See also **Exhibit W**.

**UNDISPUTED FACT NO. 15** – The Defendants (acting primarily, though not exclusively, through their judicial agent, Russel Rogers) maintain their belief that I am delusional for believing that I am the victim of corruption, even when they are faced with irrefutable evidence that I was indeed victimized by corruption (namely, ex parte communications between the judge and defense counsel) to the point where the state's judicial agent felt absolutely compelled to recuse from the case to avoid implicating himself in the matter. He still maintains that I, not he, am the delusional one while simultaneously recusing himself over another instance of the very corruption he says I am delusional for believing in. **Exhibit H**.

Wherefore, premises considered, I respectfully request that the Court enter summary judgment in my favor, award me damages of $16,173,000 plus $4,430.96 per day, starting from October 7, 2016 until the debt is paid in its entirety, enjoin the Defendants from ever retaliating against me ever again, award costs incurred, and any other relief to which I may be entitled.

So requested on this, the _16_ th day of ~~January~~ *Feb.*, 2017.

David Stebbins
123 W. Ridge St.,
ATP D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com