US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
MAR 02 2017
DOUGLAS F. YOUNG, Clerk
By _____ Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PLAINTIFF

VS.           CASE NO. 3:17-cv-03016

STATE OF ARKANSAS AND
BOONE COUNTY CIRCUIT CLERK . . . . . . . . . . . . . . . . . . . . . . . . . . . DEFENDANT

## MOTION AND INCORPORATED BRIEF IN SUPPORT THEREOF FOR APPOINTMENT OF COUNSEL

Comes now, *pro se* Plaintiff David A. Stebbins, who hereby submits the following renewed motion for appointment of counsel in the above-styled action.

1. A motion was filed earlier in this case. While it was denied, the denial was merely without prejudice.

2. This court has the authority to appoint counsel in cases where the Plaintiff is proceeding *in forma pauperis*. See 28 U.S.C. § 1915(e)(1). The Eighth Circuit holds that these motions should routinely be granted in civil rights cases, as those cases tend to be inherently complex in the factual and legal issues they raise. See *Peterson v. Nadler*, 452 F. 2d 754, 757 (8th Cir. 1971). Discrimination claims have also been held to meet this standard. See *Slaughter v. City of Maplewood*, 731 F. 2d 587, 589 (8th Cir. 1984).

3. *Slaughter* has also held that the three major factors to consider are (1) the plaintiff's financial resources, (2) the plaintiff's efforts to secure counsel, and (3) the merits of the discrimination claim. See *id* at 590.

4. Plaintiff is, unquestionably, indigent. See his Application for Leave to Proceed In Forma Pauperis.

5. Plaintiff's claim has merit. It is clear, from the Complaint, that they are acting entirely out

of spite and malice, with the intent of preventing my case from ever moving forward.

6. This leaves us with one question: Can I represent myself effectively? The answer to that question appears to be "no." I have, indeed, filed several *pro se* lawsuits in my lifetime, but I have not been successful with any of them. This would either suggest that the judiciary was throwing my cases out for no reason, or I do not know how to represent myself, even if I may understand the basics.

7. This is corroborated by several statements made by various judges. See **Exhibit A**, a statement from Arkansas state judge Gordon Webb, where he acknowledged that retaining counsel would be the best option for expediting the litigation, although he admits that, unlike federal court, state courts have no authority to *appoint* counsel. Even this Court – the Western District of Arkansas – has made clear its stance that it does not believe I can effectively represent myself without bogging the court system down. See Case No. 3:12-CV-03131, Doc. 9. See also Case No. 12-cv-03130-PKH, Doc. 10 ("Nothing in this Order will prohibit Mr. Stebbins from proceeding as a proponent in any civil claim in this District with the representation of an attorney licensed to practice in the State of Arkansas and admitted to practice in this District").

8. Therefore, because I have been declared unable to efficiently represent myself, my claim has merit, and I am clearly indigent, I ask that this Court appoint counsel for me in a manner consistent with AR Local Rule 83.7.

So requested on this, the 1st day of March, 2017.

David A. Stebbins
123 W. Ridge St., APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com



David Stebbins
123 W. Ridge St.,
Apt D
Harrison, AR 72601



NORTHWEST AR P&DF
AR 727 1 T
01 MAR 2017 PM

U.S. District Court
35 E. Mountain St,
Room 510
Fayetteville, AR 72701

72701$5353