IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**DAVID A. STEBBINS**                                                                       **PLAINTIFF**

VS.                        **NO.  3:17-CV-3016-TLB-MEF**

**STATE OF ARKANSAS AND**
**BOONE COUNTY CIRCUIT CLERK**                              **DEFENDANTS**

## RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS

The Plaintiff, David Stebbins, filed his Complaint in this case on December 2, 2016, asserting that his constitutional rights were violated when the Arkansas Court of Appeals temporarily remanded one of his other lawsuits to the Boone County Circuit Court.  See Doc. # 1.  Thereafter, Separate Defendant Boone County was served with process and filed her timely Answer to the Complaint,. along with a motion to dismiss.  *See* Doc. ##.13-15   The Plaintiff responded to Defendant Boone County's motion to dismiss, in part, by moving for sanctions against the County. See Doc. # 20.  The Plaintiff's for sanctions is frivolous and should be denied.

The Plaintiff's motion for sanctions is based entirely on an alleged assertion in the Defendants' motion to dismiss,. namely, that the Plaintiff and the Circuit Clerk had no interactions. The Defendants' motion to dismiss says something very different, however:

> The Plaintiff's Complaint concedes that his alleged disability is "not obvious" (¶10) and fails to allege any retaliatory motive or intent on the part of the Circuit Clerk. *See* Doc. # 2.  In fact, the Complaint doesn't allege any interaction between the Plaintiff and the Circuit Clerk at all (no reasonable juror could conclude that the alleged failure to include a single page in a voluminous record was the Circuit Clerk's attempt to intentionally retaliate, on the basis of disability, against a litigant without an obvious disability with whom she had no interaction).

Doc. # 14, p. 3

Of course, the Defendant's above-quoted assertion is quite different from Plaintiff's characterization  and is exactly what a Rule 12(b)(6) motion to dismiss is meant to address - what is alleged in the Complaint.  The Plaintiff argues that he need not allege interaction - and alternately that he had interactions by virtue of filing a number of lawsuits in the Boone County Circuit Court -

but these arguments miss the point. The question is whether a plausible claim of retaliation is stated. Since Plaintiff's Complaint fails to state such a plausible claim, it is subject to dismissal as matter of law. In the end, the Plaintiff's Complaint fails to state a plausible claim for retaliation. Pointing out that failure is certainly not sanctionable conduct. The Plaintiff's motion for sanctions should be denied.

        Respectfully submitted,

        BOONE COUNTY CIRCUIT
        CLERK Rhonda Watkins,
        *Separate Boone County Defendant*

        RAINWATER, HOLT & SEXTON, P.A.
        P.O. Box 17250
        801 Technology Drive
        Little Rock, Arkansas  72222-7250
        Telephone (501) 868-2500
        Telefax (501) 868-2505
        email: owens@rainfirm.com

By:    /s/ Jason E. Owens
        Michael R. Rainwater, #79234
        Jason E. Owens, #2003003

## **CERTIFICATE OF SERVICE**

  I hereby certify that on March 7, 2017, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system, and I mailed the document by United States Postal Service to the following non CM/ECF participants:

Mr. David A. Stebbins
123 W. Ridge St., Apt. D
Harrison, AR 72601

           /s/   Jason E. Owens
          Attorney for Defendant
          RAINWATER, HOLT & SEXTON, P.A.
          P.O. Box 17250
          801 Technology Drive
          Little Rock, Arkansas  72222-7250
          Telephone (501) 868-2500
          Telefax (501) 868-2505
          email: owens@rainfirm.com