IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. STEBBINS
                                                                    PLAINTIFF

     v.                              Civil No. 3:17-cv-03016

STATE OF ARKANSAS; and
the BOONE COUNTY CIRCUIT
COURT CLERK                                                       DEFENDANTS

## ORDER

Pending before me for decision are the following motions: (1) a motion for service (Doc. 18); (2) a motion for sanctions (Doc. 20); and (3) a motion for appointment of counsel (Doc. 28).

**Motion for Service** (Doc. 18)

Prior to transfer to this district, service had been ordered on the State of Arkansas. Service was returned unexecuted because the Arkansas Attorney General was not the proper party to serve. Plaintiff has now asked us to direct service on the State of Arkansas. The motion (Doc. 18) is **GRANTED.**

The time to serve is hereby extended to ninety (90) days of the date of this order. Fed. R. Civ. P. 4(m). The Court, having heretofore entered an order allowing the Plaintiff to proceed *in forma pauperis* and directing the Clerk to file the complaint, hereby directs the United States Marshal to serve the State of Arkansas. The State of Arkansas may be served by serving Governor Asa Hutchinson, 500 Woodlane St., Little Rock, AR 72201.

The State of Arkansas should be served without prepayment of fees and costs or security therefor. The Defendant is ordered to answer within twenty-one (21) days from the date of service.

**The Clerk is directed to prepare and issue summons and a USM 285 for each**

AO72A
(Rev. 8/82)

**Defendant being served.**

**Motion for Sanctions** (Doc. 20)

In this motion, Plaintiff references a statement in the motion to dismiss filed by the Boone County Circuit Court Clerk.  Specifically, Plaintiff states in the brief in support of the motion to dismiss the statement is made that the Clerk had no interaction with the Plaintiff.  Plaintiff states this is a "bald-faced lie" and attaches e-mails between him and the Clerk.  Because of this lie, Plaintiff asks that the Clerk be sanctioned.

Plaintiff has taken this statement out of context.  The document states as follows:

> In fact, the Complaint doesn't allege any interaction between the Plaintiff and the Circuit Clerk at all (no reasonable juror could conclude that the alleged failure to include a single page in a voluminous record was the Circuit Clerk's attempt to intentionally retaliate, on the basis of disability, against a litigant without an obvious disability with whom she had no interaction).

Doc. 14 at pg. 3.  The motion for sanctions (Doc. 20) is **DENIED.**

**Motion for Appointment of Counsel** (Doc. 28)

Plaintiff asserts that he cannot represent himself effectively.  He notes he has filed several *pro se* lawsuits and has been successful in none of them.  Plaintiff says "[t]his would either suggest that the judiciary was throwing my cases out for no reason, or I do not know how to represent myself, even if I may understand the basics."  He then points to several statements made by various judges in the cases he has filed.

In Mallard v. United States District Court, 490 U.S. 296 (1989), the Supreme Court held that 28 U.S.C. § 1915 does not authorize a federal court to require an unwilling attorney to represent an indigent litigant in a civil case.  Section 1915(e)(1) provides: "the court may request an attorney to represent any person unable to afford counsel."

2

"Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (8th Cir. 1995)(citation omitted). "Once indigent pro se litigants meet their burden of showing that their complaints are not frivolous . . . counsel should be appointed if the district court determines it is necessary." Id.

The standard used in determining the necessity of appointing counsel is whether both the litigant and the court would benefit from the assistance of counsel. Id. "'Factors bearing on this determination include: the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues.'" Id. (quoting, Nachtigall v. Class, 48 F.3d 1076, 1081 (8th Cir. 1995)); see also Stevens v. Redwing, 146 F.3d 538, 547 (8th Cir. 1998); Bumgarner v. Malin, 97 F.3d 1456 (8th Cir. 1996); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

Review of the file indicates the Plaintiff has already filed a response (Doc. 19) to the pending motion to dismiss (Doc. 13) and has filed a summary judgment motion (Doc. 21). It is clear from these documents that Plaintiff has conducted legal research. This case involves a single claim against a single Defendant. The motion for appointment of counsel (Doc. 28) is **DENIED.** After these pending motions have been ruled on, Plaintiff may submit another request for appointment of counsel and the Court will review the file at that time.

IT IS SO ORDERED this 8th day of March, 2017.

/s/ Mark E. Ford

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

3