

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

MAR 15 2017

DOUGLAS F. YOUNG, Clerk
By _____
Deputy Clerk

DAVID A. STEBBINS                                              PLAINTIFF

VS.                        CASE NO. 3:17-cv-03016

STATE OF ARKANSAS AND
BOONE COUNTY CIRCUIT CLERK                                     DEFENDANT

## MOTION AND INCORPORATED BRIEF IN SUPPORT THEREOF
## FOR CHANGE OF VENUE

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion for Change of Venue for the jury trial, and to have it take place in the City of Harrison.

1. This Court has ordered the jury trial to take place in Fayetteville. However, when you think about the unique nature behind the case, this makes absolutely no sense.

2. Generally speaking, federal policy prefers for cases to be tried in the area where the underlying action occurred, unless there is some extenuating circumstance (e.g. heavy news coverage of the event which might make it difficult to impossible to find jurors in the local area who have yet to hear about the event in one capacity or another) that justify a change in venue. In criminal cases, this is explicitly stated in the Sixth Amendment. But the policy still holds in civil cases, even if it is not hard-coded in the Constitution.

3. In this case, both the Plaintiff, and the first of the two defendants, are located in the city of Harrison. The other Defendant is headquartered in Little Rock, so the second-best location for the jury trial would be Little Rock. But it seems entirely arbitrary that the Court would set the jury trial to take place in Fayetteville, of all places. That venue absolutely no connection whatsoever to this case. You might as well be setting the trial to take place outside Arkansas altogether, and it would make almost as much sense.

4. But even if the Court is not required, per se, to hold a trial in the city where the events took place, even if the Court might technically have discretion to hold the trial in Fayetteville if he reasonably believes that is the best option, there is something even more sinister at issue in this case than merely traidtion. There are only two reasons I can think of for why this Court would want to set the jury trial to take place in an entirely unrelated city, and both of them suggest lack of qualification on the judge's part. Either …

(a) … the judge is *trying* to make me travel as much as I can for the trial. Since I am proceeding *in forma pauperis* and don't have a vehicle, that would make the cost of coming to Fayetteville prohibitively expensive unless some miracle occurred[1], something that might have been the judge's plan all along, or …

(b) … the judge is simply too lazy to take a 90-minute drive himself to a fully-functional courthouse that is actually more befitting to hold the trial.

5. The former excuse suggests judicial bias and pre-judging the case, which is a flagrant violation of my absolute[2] right to judicial impartiality, necessitating Judge Brooks' recusal.

6. But if it is the latter, that is evidence that Judge Brooks lacks the drive (no pun intended) and work ethic to be a federal district judge in the first place! Federal judges and justices are supposed to be the walking embodiment of responsibility and professionalism. To insist that a trial be held in an unrelated city, not because of some extenuating circumstances that make it

---

1 Yes, I would have had to travel to Little Rock for the trial if the case had not been transferred, but that was because I had chosen to file in the Eastern District. The case was transferred to the Western District specifically *because* the Eastern District judge felt it was more appropriate to try the case in the local area! Now, the onus is no longer on me for not trying the case in Harrison.

2 Even the right to free speech can be superseded under extraordinary circumstances. But my right to an impartial judiciary cannot be taken from me under any circumstances whatsoever. See Tumey v. Ohio, 273 US 510, 535 (1927) ("No matter what the evidence was against him, he had the right to have an impartial judge"). See also Vasquez v. Hillery, 474 US 254, 263 (1986) ("When constitutional error calls into question the objectivity of those charged with bringing a defendant to judgment … when the trial judge is discovered to have had some basis for rendering a biased judgment, his actual motivations are hidden from review, and we must presume that the process was impaired").

impractical to guarantee a fair trail in the area it should be held, but so the judge, of all people, doesn't have to make a 90-minute trip, is a fairly solid indication that the judge doesn't have what it takes to handle the rigor and demands of such an important position.

7. As I said earlier, this holds true even if there is no hard law stating, independently, that judges must hold the trial in the local city without showing cause to the contrary. After all, just because something isn't independently against the law in its own right does not mean that it cannot be used as evidence for something else. Technically, it is not against the law for me to have blood splattered all over my wall[3]; that doesn't mean it cannot be used as evidence of something else (e.g. homicide) that IS illegal! At the very least, it will be probable cause in order to initiate a police search!

8. The same thing applies here; even in the absence of any independent law fixing venue, this is still evidence of either judicial misconduct and/or disability.

9. On a side note, the increased amount of cost mentioned above and elaborated on in the footnote below is made even more egregious by the fact that I must say there all week long and await my trial, forcing me to rent a hotel when I could easily finish this trial in a sitting. If the case is in Harrison, I can simply return home very night while I await my turn to try my case to a jury. Remember that the Court has a duty to do as best they can to minimize the risk of any party being financially barred from bringing their claims.

10. As such, to avoid the appearance of impropriety, I ask that this Court modify its scheduling order to allow the trial to take place in the J. Smith Henley Federal Building in Harrison, AR. I have no objections to the current date and time.

Wherefore, premises considered, I respectfully request that this Court transfer the trial in

---

3 Maybe it's MY blood, and I put it there because I prefer a macabre atmosphere, kind of like the Adams Family.

this case to the City of Harrison, award costs incurred to me, and any other relief to which I may be entitled.

So requested on this, the 13th day of March, 2017.

/s/ David Stebbins

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870204-6516
stebbinsd@yahoo.com

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601

U.S. District Court
35 East Mountain Street, Room 510
Fayetteville, Arkansas 72701-5354

CPU 

U.S. POSTAGE
$1.40
FCMF      0000
Orig: 72601
Dest: 72701
03/13/17
11082239

Received WD/AR
MAR 15 2017
U.S. Clerk's Office