

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

MAR 1 5 2017

DAVID A. STEBBINS                                                PLAINTIFF

VS.                              CASE NO. 3:17-cv-03016

STATE OF ARKANSAS AND
BOONE COUNTY CIRCUIT CLERK                                        DEFENDANT

### OBJECTION TO [33] MAGISTRATE JUDGE'S ORDER DENYING [20] MOTION FOR SANCTIONS AND DENYING [28] MOTION TO APPOINT COUNSEL

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Objections to the Magistrate Judge's Order denying the Motion for Sanctions, and denying the Motion to Appoint Counsel.

### Motion for Sanctions

1. The Magistrate Judge's order should be reversed for two reasons:

2. First, the Magistrate Judge raised his own defense to the motion, sua sponte. The Defendant's grounds for not being sanctioned are that the Motion to Dismiss has merit (even though it doesn't) and that the lie they told about me not interacting with the Court is not important (even though they clearly attempted to use that as a grounds to justify summarily dismissing the complaint). In other words, they were admitting that they made those statements; instead, their defense was that the statements were of no consequence, not that I was misunderstanding their statements.

3. The Magistrate Judge decided to raise *his own grounds* for denying the motion: That the motion was, in some vague way (more on that in a minute), taken out of context.

4. Simply put, you can't do that! Except to the extent that it pertains to the Court's subject-matter jurisdiction, judges cannot raise new claims or defenses sua sponte. See Henderson v.

Shinseki, 131 S. Ct. 1197, 1202 (2011) ("Under [the adversarial system], courts are generally limited to addressing the claims and arguments advanced by the parties. Courts do not usually raise claims or arguments on their own"). See also Sanchez-Llamas v. Oregon, 548 US 331, 356-57 (2006) ("The consequence of failing to raise a claim for adjudication at the proper time is generally forfeiture of that claim. As a result, rules such as procedural default routinely deny 'legal significance' ... to otherwise viable legal claims"). See also Sayre v. Musicland Group, Inc., 850 F. 2d 350, 353 (8th Cir. 1988) (failure to plead affirmative defenses constitutes waiver of that defense, even if not specifically listed in Rule 8(c)). See also Sartin v. Commissioner of Pub. Saf. of St. of Minn., 535 F. 2d 430, 433 (8th Cir. 1976) (same).

5. Besides, even if you could find some grounds to deny the motion that would have been legitimate if those grounds were properly before the court, that still is evidence of an even more sinister violation of my constitutional rights. Specifically, it is evidence that you pre-judged the matter! Pre-judging a case is so clearly against my rights that I do not believe that I should have to even cite any case law to show it!

6. After all, what other purpose could raising defenses sua sponte possibly serve? The only purpose that makes any sense is if you already decided what you want to do with the case and just need a grounds with which to retroactively justify your decision.

7. If you can come up with any other purpose - any at all - that raising claims or defenses sua sponte could even hypothetically service, then by all means, share it with me! But until then, the Magistrate Judge has pre-judged the motion, and that should be overturned.

8. Second, even if this grounds for denial was properly before the court, the magistrate judge still offers no explanation behind his ruling.

9. This constitutes an automatic abuse of discretion.

(a) See US v. Burrell, 622 F. 3d 961, 964 (8th Cir. 2010) ("We have held that a district court need not give lengthy explanations ... but this does not permit a district court to give no explanation for its decision"); see also Rayes v. Johnson, 969 F. 2d 700, 704-705 (8th Cir. 1992) ("The district court may have had reason to deny Rayes' request for subsequent counsel, but no explanation appears in the record. The request was summarily denied twice").

(b) See also Slaughter v. City of Maplewood, 731 F. 2d 587, 589 (8th Cir. 1984) ("we neverthe-less find it necessary to remand because we cannot determine from the record whether the district court exercised a reasoned and well-informed discretion, so as to permit our review for abuse of discretion")

(c) See also Foman v. Davis, 371 US 178, 182 (1962) ("[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules").

(d) See also Gulf Oil Co. v. Bernard, 452 US 89, 103 (1981) ("We conclude that the imposition of the order was an abuse of discretion. The record reveals no grounds on which the District Court could have determined that it was necessary or appropriate to impose this order").

(e) See also US v. Walters, 643 F. 3d 1077, 1080 (8th Cir. 2011) ("given the lack of specific findings and the evidence in the record, we find that the district court abused its discretion").

(f) See also Jarrett v. ERC Properties, Inc., 211 F. 3d 1078, 1084 (8th Cir. 2000) ("The district court's good faith finding was stated in conclusory fashion with no explanation ... Therefore, the court abused its discretion").

(g) See also Thongvanh v. Thalacker, 17 F. 3d 256, 260 (8th Cir. 1994) ("A careful

review of the record reveals no explanation whatsoever for the reduction. Accordingly, the jury award of $4,000 is restored.").

(h) See also Purcell v. Gonzalez, 549 US 1, 8 (2006) ("There has been no explanation given by the Court ... we vacate the order of the Court of Appeals")

(i) See also Press-Enterprise Co. v. Superior Court of Cal., Riverside Cty., 464 US 501, 513 (1984) ("Thus not only was there a failure to articulate findings with the requisite specificity but there was also a failure to consider alternatives to closure and to total suppression of the transcript. The trial judge should seal only such parts of the transcript as necessary to preserve the anonymity of the individuals sought to be protected.").

(j) See also United States v. Grinnell Corp., 384 US 563, 579 (1966) ("The District Court gave no explanation for its refusal to grant this relief. It is so important and customary a provision that the District Court should reconsider it").

(k) See also Delaware v. Van Arsdall, 475 US 673, 680 (1986) ("In so doing, it offered no explanation why the Chapman harmless-error standard ... is inapplicable here.")

10. The Magistrate Judge almost provides an explanation when he tries to accuse me of taking the statement out of context. However, that is where his explanation (if you could even call it that) ends. All he does after that is quote the statement verbatim that I sought to have sanctioned. He gives no explanation as to what the "correct" context is, or what kind of context he thinks I used.

11. He might as well have just stated that my motion "lacks merit" and not provide any elaboration beyond that. Simply stating that I took a statement "out of context" is not an explanation for a ruling; that is a set-up for an explanation!

12. As such, the Magistrate Judge's order should be overturned. While overturning it, the

District Judge should be mindful of the law that forbids it from raising new claims or defenses *sua sponte*.

### Appointment of Counsel

13. The Magistrate Judge provides only one single solitary grounds for denying me the appointment of counsel: I have conducted legal research in this case. According to him, this one fact, by itself, without more, means that I am not entitled to appointment of counsel.

14. Right out of the gate, this is an abuse of discretion. "An abuse of discretion ... can occur in three principal ways: when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment." See *Kern v. TXO Production Corp.*, 738 F. 2d 968, 970 (8th Cir. 1984).

15. The Magistrate Judge himself lists about a half a dozen factors to be considered, but then he proceeds to consider precisely *zero* of those factors! Instead, he appears to believe that the mere fact that I have done legal research in the case, alone, without more, makes it improper to appoint counsel. So right off the bat, the magistrate judge commits a clear abuse of discretion that should be overturned.

16. First of all, this makes no sense in the first instance. Why exactly does this bar the appointment of counsel? He makes no reference to any statute or case law that states that having done legal research necessarily makes appointed counsel inappropriate.

17. Is he saying that this is evidence that I can adequately present my own case? If so, where does he get that from? It is true that doing legal research is an important factor in presenting a case, but it is far ... far ... FAR from the only factor! That's like seeing a person change his own

oil filter in his car and concluding that he must be a full-blown mechanic.

18. There are about a hundred other things that go into preparing and presenting a case, other than doing legal research.

- Being able to properly negotiate any potential settlement agreements.
- Deciding how to structure your discovery requests.
- Knowing when to object to a discovery request and when to suck it up and provide discovery.
- Knowing what witnesses to call.
- Knowing what evidence is "relevant."
- Knowing what evidence is admissible hearsay.
- Knowing what evidence is admissible despite being opinionated.
- Knowing how to structure your cross examination questions to avoid the witnesses twisting your words.
- Knowing how to structure your direct examination questions so as to avoid asking leading questions.
- Knowing the correct order to present evidence and call witnesses to best facilitate persuading the jury's minds.
- Being able to read between the lines on evidence and see the significance of otherwise insignificant details and evidence.[1]

19. The list goes on and on.

20. Remember that paralegals can do legal research, without even a single day of law schooling. That does not make them attorneys. They are not qualified to represent clients. They

---

[1] Granted, this skill is also practiced a lot by detectives. But they still require a license to do their work.

are assistance to the legal representatives, not the representatives themselves. Why? Because being a full-blown attorney is a thousand times more complex than just "doing legal research."

21.  So the Magistrate Judge's apparent[2] belief that my previous legal research single-handedly makes me qualified to represent myself entirely misses the boat. His order should be overturned for a clear and egregious abuse of discretion.

22.  The Magistrate Judge also states that the current case involves "a single claim against a single defendant." This is patently false. In the very same order, he orders the U.S. Marshal to execute summons on a second defendant!

23.  But even setting aside that one (possibly grammatical) error, his alternative grounds still makes no sense! Again resorting to guesswork (see Footnote #2 for details), the closest I can think of as to what this has to do with being appointed counsel is ... he does not believe the case is complex enough.

24.  This is bologna. Even if the Magistrate Judge was factually correct in saying that the case involved only a single defendant, that does not, alone, make the case simple enough to not warrant the appointment of counsel. The number of claims and/or defendants is certainly a factor in determining the case's overall complexity, but the individual complexity of each case should also be considered.

---

2  And I do stress the word "apparent." The Magistrate Judge does NOT make his position at all clear. I am reduced to guesswork. For the reasons I've stated in ¶ 9 of this Objection, that alone should constitute an automatic abuse of discretion. See Slaughter v. City of Maplewood, 731 F. 2d 587, 590 (8th Cir. 1984) ("Here, we are unable to determine from the sparse record whether the district court considered these or any other relevant factors in denying appointment of counsel; no explanation or reason was provided for the denial. We therefore remand to the district court to supplement the record and to provide its reason(s) for denying counsel so that we may properly review that decision."). See also Sours v. Norris, 782 F. 2d 106, 107 (8th Cir. 1986) ("We are unable to review Sours' contention that the trial court erred in denying his request for appointment of counsel because we cannot determine from the record whether the district court exercised "a reasoned and well-informed discretion." A court should give "serious consideration" to appointing counsel whenever an indigent plaintiff establishes in his pleadings a prima facie case which, if proven, would entitle him to relief.").

25.     The current case is one of civil rights litigation. Therefore, the case is inherently complex. Right off the bat, civil rights cases are instantly more complex than most other crimes or torts, because of the element of motive. "Motives are complex and difficult to prove." See United States v. Goodwin, 457 US 368, 373 (1982). In most common law crimes and torts, motive is circumstantial evidence; but in discrimination and retaliation cases, motive is an essential element.

26.     The case does not even have to be as complex as that, however. The Eighth Circuit has mandated appointment of counsel, even in cases of a common law tort of conversion (see Peterson v. Nadler, 452 F. 2d 754, 757 (8th Cir. 1971)), which is inherently simpler than nearly any crime or tort where motive is an essential element.

27.     As a result, the District Judge should reverse these two orders for being a flagrant abuse of discretion on multiple grounds.

## Conclusion

28.     The Magistrate Judge has not even attempted to comply with the limitations placed on judicial authority. He is just doing whatever he wants, and his flagrant power trip needs to be brought to an end.

29.     Therefore, I humbly ask the District Judge to reverse the Magistrate Judge's order, except the order directing marshal service on the State of Arkansas. I ask the District Judge to issue an appropriate sanction against the Defendant for violating Fed.R.Civ.P. 11, since it has no nonfrivolous grounds to do so without raising defenses sua sponte. I ask that this Court appoint counsel pursuant to AR Local Rule 83.7, since, once you take all the relevant factors into consideration at once, you realize that there is no reason to deny me appointed counsel.

Wherefore, premises considered, I respectfully request that this relief be granted, costs

incurred be awarded, and any other relief to which I may be entitled.

So requested on this, the 13th day of March, 2017.

*David Stebbins*
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com