UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

MAR 15 2017

DAVID A. STEBBINS     PLAINTIFF

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

VS.     CASE NO. 3:17-cv-03016

STATE OF ARKANSAS AND
BOONE COUNTY CIRCUIT CLERK     DEFENDANT

### RESPONSE IN OPPOSITE TO [31] MOTION TO CONTINUE DISCOVERY AND EXTEND TIME TO FILE RESPONSE/REPLY TO MOTION FOR SUMMARY JUDGEMENT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Response in Opposition to Doc. 31, the Defendant's Motion for Extension of Discovery and for Extension of Time to File their Response to my Motion for Summary Judgment (Doc. 21).

1. Before we continue, I would like to remind this Court of two very important limitations on its power:

2. First, this court cannot issue a ruling for any motion without giving any explanation behind its ruling. Even when the Court's actions are discretionary (which they are not in a Motion for Summary Judgment), to issue a ruling without an explanation is an automatic abuse of discretion.

   (a) See US v. Burrell, 622 F. 3d 961, 964 (8th Cir. 2010) ("We have held that a district court need not give lengthy explanations ... but this does not permit a district court to give no explanation for its decision"); see also Rayes v. Johnson, 969 F. 2d 700, 704-705 (8th Cir. 1992) ("The district court may have had reason to deny Rayes' request for subsequent counsel, but no explanation appears in the record. The request was summarily denied twice").

   (b) See also Slaughter v. City of Maplewood, 731 F. 2d 587, 589 (8th Cir. 1984) ("we neverthe-less find it necessary to remand because we cannot determine from the record

whether the district court exercised a reasoned and well-informed discretion, so as to permit our review for abuse of discretion")

(c) See also Foman v. Davis, 371 US 178, 182 (1962) ("[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules").

(d) See also Gulf Oil Co. v. Bernard, 452 US 89, 103 (1981) ("We conclude that the imposition of the order was an abuse of discretion. The record reveals no grounds on which the District Court could have determined that it was necessary or appropriate to impose this order").

(e) See also US v. Walters, 643 F. 3d 1077, 1080 (8th Cir. 2011) ("given the lack of specific findings and the evidence in the record, we find that the district court abused its discretion").

(f) See also Jarrett v. ERC Properties, Inc., 211 F. 3d 1078, 1084 (8th Cir. 2000) ("The district court's good faith finding was stated in conclusory fashion with no explanation ... Therefore, the court abused its discretion").

(g) See also Thongvanh v. Thalacker, 17 F. 3d 256, 260 (8th Cir. 1994) ("A careful review of the record reveals no explanation whatsoever for the reduction. Accordingly, the jury award of $4,000 is restored.").

(h) See also Purcell v. Gonzalez, 549 US 1, 8 (2006) ("There has been no explanation given by the Court ... we vacate the order of the Court of Appeals")

(i) See also Press-Enterprise Co. v. Superior Court of Cal., Riverside Cty., 464 US 501, 513 (1984) ("Thus not only was there a failure to articulate findings with the requisite specificity but there was also a failure to consider alternatives to closure and to total

suppression of the transcript. The trial judge should seal only such parts of the transcript as necessary to preserve the anonymity of the individuals sought to be protected.").

(j)     See also United States v. Grinnell Corp., 384 US 563, 579 (1966) ("The District Court gave no explanation for its refusal to grant this relief. It is so important and customary a provision that the District Court should reconsider it").

(k)     See also Delaware v. Van Arsdall, 475 US 673, 680 (1986) ("In so doing, it offered no explanation why the Chapman harmless-error standard ... is inapplicable here.")

3.    Second, this court cannot raise any defenses on the Defendant's behalf, sua sponte, unless it pertains to the Court's subject-matter jurisdiction.

(a)     See Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011) ("'Under [the adversarial system], courts are generally limited to addressing the claims and arguments advanced by the parties. Courts do not usually raise claims or arguments on their own'")

(b)     See also Sanchez-Llamas v. Oregon, 548 US 331, 356-57 (2006) ("The consequence of failing to raise a claim for adjudication at the proper time is generally forfeiture of that claim. As a result, rules such as procedural default routinely deny 'legal significance' ... to otherwise viable legal claims")

(c)     See also Sayre v. Musicland Group, Inc., 850 F. 2d 350, 353 (8th Cir. 1988) (failure to plead affirmative defenses constitutes waiver of that defense, even if not specifically listed in Rule 8(c)).

(d)     See also Sartin v. Commissioner of Pub. Saf. of St. of Minn., 535 F. 2d 430, 433 (8th Cir. 1976) (same).

4.    As such, whatever defenses the Defendants raised in their responsive pleading are the defenses they are stuck with. This Court cannot "bail out" the Defendants by raising defenses the

Court believes to be meritorious but that the Defendants "forgot" to raise. This Court must restrict its consideration to the claims raised in the Complaint and the defenses raised in the Answer ... and absolutely nothing else!

5.  Besides, even if you could find some grounds to deny the motion that would have been legitimate if those grounds were properly before the court, that still is evidence of an even more sinister violation of my constitutional rights. Specifically, it is evidence that you pre-judged the matter! Pre-judging a case is so clearly against my rights that I do not believe that I should have to even cite any case law to show it!

6.  After all, what other purpose could raising defenses sua sponte possibly serve? The only purpose that makes any sense is if you already decided what you want to do with the case and just need a grounds with which to retroactively justify your decision.

7.  If you can come up with any other purpose – any at all – that raising claims or defenses sua sponte could even *hypothetically* service, then by all means, share it with me! But until then, any attempts to sidestep this restriction on the Court's authority will be construed as an attempt to pre-judge the case.

### The Motion is not properly before the Court and should be stricken as technically insuffcient.

8.  The Defendants request that they not be required to file a response until after full discovery has occurred. They claim that they are "entitled" (and even use that exact word) to conduct a discovery first, no matter how much of a waste of time it would be. Bear in mind, these hypocrites do not seem to mind filing a Motion to Dismiss (Doc. 13), seeking to summarily deny me my day in court before I have the opportunity for a discovery.

9.  However, they offer no legal citation showing that they are entitled to this. It appears to be some new legal entitlement they just made up as they went along. Therefore, this argument is

not properly before the Court and should be stricken as technically insufficient. See AR Local Rule 7.2(a) ("All motions except those mentioned in paragraph (d) shall be accompanied by a brief consisting of a concise statement of relevant facts *and applicable law*." Emphasis added).

10. No legal citations means it is not properly before the court. No legal citation? Strike the motion. It is that simple.

### Discovery is a waste of time.

11. Assuming that this relief is discretionary, they offer no explanation as to why the interests of justice would be best served by delaying what is already a cut-and-dry case.

12. I have already explained why a discovery would be a waste of time in this case, in ¶¶ 33-35 of the Brief in Support of my Motion for Summary Judgment (Doc. 23).

13. Most of the essential elements of retaliation are judicially noticeable.

   (a) I either engaged in statutorily protected activities (namely, ADA discrimination lawsuits), or I didn't. Discovery would be a waste of time, since that is public record and, thus, judicially noticeable.

   (b) The AR Court of Appeals either ordered the Circuit Clerk to supplement the record, or it didn't. Discovery would be a waste of time, since that is public record and, thus, judicially noticeable.

   (c) The Circuit Clerk either supplemented the record as she was ordered to do, or she didn't. Discovery would be a waste of time, since that is public record and, thus, judicially noticeable.

   (d) The Circuit Clerk either filed a motion with the AR Court of Appeals to disolve the order to supplement and/or request additional time to comply, or she didn't. Discovery would be a waste of time, since that is public record and, thus, judicially noticeable.

14. Once a prima facie case for retaliation has been proven, there are no affirmative defenses to it, unless the Defendants wish to argue a novel issue of law (which they have not yet done). Therefore, discovery is automatically a waste of time if they wish to investigate any affirmative defenses that the law simply does not recognize.

15. The *only* essential element that could *possibly* justify further evidenciary development is the element of "causal connection." However, for the reasons I have already stated in ¶¶ 33-35 of the Brief in Support of Motion for Summary Judgment, a discovery would still be a waste of time.

16. If the Defendants had a different, non-retaliatory motive for their adverse actions, they should already know what that reason is. As such, if they cannot whip out evidence for their non-retaliatory motive right at the outset, they have no one to blame but themselves.

17. If they need a discovery before they can offer rebuttal evidence of their motivations, then any excuse they come up with is automatically pretextual, since those motivations would obviously have only been discovered due to a discovery, and it is common sense that an adverse action cannot be motivated by any factors that you did not know about at the time you acted; see Shaver v. Independent Stave Co., 350 F. 3d 716, 724 (8th Cir. 2003) (referencing the "straightforward point that it was quite impossible for the plaintiff's *subsequent* protected activity to have caused the [adverse action]," emphasis added). Even if the Defendants, after full discovery, could dig up dirt on me and uncover two dozen different non-retaliatory motives they could have used, the bottom line is that they were not the cause behind the adverse actions in the current case, and therefore, are automatically pretextual.

18. Therefore, a discovery, even on the one issue that is not 100% judicially noticeable, would still be a waste of time, since even if it bears fruit, it is necessarily pretextual fruit. If the

Defendants cannot produce rebuttal evidence of their motives right away, that should be treated as a confession on their part that their actions were motivated by retaliatory animus.

**A temporary extension would be a waste of time.**

19.   Alternatively to being allowed full discovery before filing their response, the Defendant requests a temporary extension to submit their response. However, they request no specific new deadline, just that they need "more time." They offer no grounds for justifying this extension, other than to "marshal the evidence."

20.   First of all, what kind of evidence are they referring to? Do they already have an idea of what evidence they want and

21.   This section of their motion is also not properly before the Court and therefore should be summarily stricken for technical incompleteness. This time, the deficiency comes from the Federal Rules of Civil Procedure, not the AR Local Rules. Fed.R.Civ.P. 7(b)(1)(B) requires that a motion "state *with particularity* the grounds for seeking the order." Emphasis added.

22.   Since the Defendants have not stated their grounds for an extension with anything remotely resembling "particularity," their motion is not properly before the Court and should be stricken.

23.   To give you an idea of just how ambiguous the stated grounds are, here are a couple of questions that the Defendants do not cover:

24.   First of all, what sort of evidence are they referring to? Does the Circuit Clerk have a valid, non-retaliatory reason for BOTH the adverse actions she committed against me? If so, why not tell us what that non-retaliatory motive is, only to provide evidence for it at a later date, in order to avoid the appearance of impropriety? You know ... like the adverse actions that got them sued in this case in the first place!

25. But if they do not know what evidence they plan on presenting as to the Circuit Clerk's motives, then that triggers the aforementioned issue of whatever they come up with being automatically pretextual since it is retroactive justification, which is always pretextual.

26. Second, if they do already know what evidence they need, why exactly do they need more time to "marshal" this evidence? This is the first time I have ever heard the word "marshal" used as a verb, so I had to look it up in a dictionary. According to www.merriam-webster.com, the verb "marshal" means "to place in proper rank or position; to bring together and order in an appropriate or effective way." [1]

27. So it seems, from that dictionary entry, that the Defendants are asserting that they already know what evidence they want to present in their defense, and they just need some time to organize it into a series of exhibits to be attached to their Response. However, this interpretation of their argument does not make any sense for two reasons:

   (a) First, that directly contradicts their previous request to be given an entire period of discovery. So make up your mind; do you want to be able to discovery some previously-unknown non-retaliatory motive so you can retroactively attach it to your adverse action and then pretend like that was your real motive all along, or not?!

   (b) Second, why do you need an extension of several months to several weeks to simply organize your exhibits, once you've already collected them?! That should only take a few hours! A whole day at the very most!

28. So as you can see, the Defendants' request for additional time is clearly just an attempt by the Defendants to delay proceedings.

**Fruitful discovery is literally impossible.**

29. Just to clarify, I am NOT arguing that this Court should forego discovery before ruling in

---

1  https://www.merriam-webster.com/dictionary/marshal

my favor, simply because I do think the Defendants are not likely to produce fruitful evidence if given a discovery, or even that the odds are astronomical. I am saying that it is *entirely imposs-ible* for them to produce fruitful evidence if given a discovery! The odds are not "one in a million." The odds are *zero* in a million!

30. Every single solitary relevant fact in this case, with the sole exception of the Defendant's motive, is judicially noticeable. No amount of discovery could possibly refute that.

31. While there might be a slight, extremely astronomical chance that the Defendants could use a discovery in order to dig up some dirt on me to use against me, that doesn't matter. As I've already stated, over and over again, anything they come up with would just be a retroactive justification, and therefore, automatically pretextual. So even the slightest glimmer of hope that the Defendants might be able to procure exonerating evidence via discovery quickly dissipates when you realize that, even if works, it still does not save them.

### Conclusion

32. Please remember that this Court cannot issue rulings without a reason, nor can it raise claims or defenses sua sponte. These two legal technicalities, taken together, effectively mean that the only thing this Court can do is deny the Defendant's Motion for Extension. If the Court were to take the Defendants' arguments verbatim and eat them up with a spoon, then it would not be providing an explanation, since, as stated before, the Defendants have offered no explanation as to why they are entitled to this relief. But if the Court were to bail out the Defendants with new arguments the Defendants did not raise, then the Court becomes an advocate for the defense, violating my absolute right to an impartial judiciary. The only way this Court can possibly avoid impropriety and/or the appearance of impropriety is to deny this motion.

33. Wherefore, premises considered, I respectfully request that the Court deny the Motion for

Extension, declare my Statement of Undisputed Facts (Doc. 22) to be uncontested and therefore admitted to b default pursuant to AR Local Rule 56.1(c), enter uncontested summary judgment in my favor as requested in ¶¶ 52-63 of my Brief in Support of Motion for Summary Judgment (Doc. 23), award costs incurred, and any other relief to which I may be entitled.

So requested on this, the 13th day of March, 2017.

/s/ David Stebbins

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com