IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. STEBBINS                                                              PLAINTIFF

V.                              CASE NO. 3:17-CV-03016

STATE OF ARKANSAS and
BOONE COUNTY CIRCUIT CLERK                                         DEFENDANTS

## ORDER

Now pending before the Court is Plaintiff David A. Stebbins' Objection (Doc. 37) to an Order (Doc. 33) issued by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas, regarding Mr. Stebbins' Motion for Sanctions (Doc. 20) and Motion to Appoint Counsel (Doc. 28). This case has been referred to Judge Ford for all pretrial matters. Pursuant to Federal Rule of Civil Procedure 59(a), Mr. Stebbins requests through his Objection that the Court review Judge Ford's denials of his two Motions. Rule 59(a) states that "[a] party may serve and file objections to the [nondispositive] order" of a magistrate judge. At that point, "[t]he district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." *Id.*

In light of Mr. Stebbins' Objection, the Court has conducted a *de novo* review of the briefing accompanying both the Motion for Sanctions and the Motion to Appoint Counsel. Beginning with the Motion for Sanctions, Mr. Stebbins asks that Rule 11 sanctions be levied upon Defendant Boone County Circuit Clerk ("Clerk") for "filing a frivolous motion," namely, her Motion to Dismiss (Doc. 13). In the Clerk's Brief in Support of the Motion, she argued that "the Complaint doesn't allege any interaction between the Plaintiff and the Circuit Clerk at all," such as to establish facts that tend to show a "retaliatory motive or

intent on the part of the Circuit Clerk." (Doc. 14, p. 2). Mr. Stebbins has seized upon this statement and calls it a "bald faced lie," (Doc. 20, p. 5), because he did, in fact, have interactions with the Clerk, and he can prove it through the emails he attaches to his Motion for Sanctions. As Judge Ford pointed out, the Clerk made no statement as to whether or not personal interactions took place between her and Mr. Stebbins; instead, she pointed out that *the Complaint* failed to describe any such interactions. The Motion for Sanctions is frivolous, and Judge Ford properly denied it.

As for the Order on the Motion to Appoint Counsel, Mr. Stebbins is dissatisfied with Judge Ford's explanation as to why counsel is not being appointed at this time. Civil litigants are not guaranteed the right to appointment of counsel in the same manner as criminal defendants are. Accordingly, the decision as to whether or not to appoint counsel to a civil litigant is a matter left entirely in the hands of the Court, based on the Court's assessment of the complexity of the litigation, the capabilities of the parties, and other factors. Judge Ford's Order denying the Motion to Appoint Counsel specifically states that "Plaintiff may submit another request" in the future, after motions for summary judgment have been decided and the case has progressed further. This ruling is neither contrary to law nor clearly erroneous; rather, the Court finds it fair and appropriate.

**IT IS THEREFORE ORDERED** that Plaintiff David A. Stebbins' Objection (Doc. 37) to Magistrate Judge Ford's Order (Doc. 33) is **OVERRULED**.

**IT IS SO ORDERED** on this 17th day of March, 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE