UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS                                                     PLAINTIFF

VS.                   CASE NO. 3:17-cv-03016

STATE OF ARKANSAS AND
BOONE COUNTY CIRCUIT CLERK                       DEFENDANT

## MOTION FOR LEAVE TO AMEND COMPLAINT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion for Leave to Amend the Complaint in the above-styled action.

1. Before we continue, I wish to address a few technical issues: First, this Motion will not have a brief, since these motions are explicitly exempt from requiring separate briefs under AR Local Rule 7.2(d)(2). Second, this Motion will also stand in as the Amended Complaint itself, as that is explicitly allowed under AR Local Rule 5.5(e).

2. That said, I seek to include Russel Rogers as a defendant in this action. I ask that he be held liable under 42 USC § 1983 for acts of First Amendment Retaliation. I also ask that the State of Arkansas be jointly liable for the same acts under § 503 of the Americans with Disabilities Act.

### Section 1: Case Background

3. Late last year, I filed a Complaint and Jury Demand (Doc. 2), seeking injunctive relief and to recover damages for the government's refusal to produce a complete record of circuit court proceedings, effectively denying me access to the Court of Appeals. During the state appeal case, I sought to have overturned, among other things, a special judge's order *sua sponte* dismissing several of the torts I was suing over when he had no authority to do so.

4. It has recently surfaced that, in addition to the Circuit Clerk's refusal to supplement the

record as ordered, the order of *sua sponte* dismissal was never in fact filed in the Circuit Court in the first place. See the simultaneously-filed "Supplement to Motion for Summary Judgment."

5. This can only mean one thing: Those claims were never officially adjudicated in the first place, with or without proper jurisdiction or judicial authority. The claims were never adjudicated on motion for summary judgment; they were never adjudicated sua sponte; they never adjudicated *period*!

6. This means that Case No. CV-16-16 in the AR Court of Appeals is technically an interlocutory appeal. If even one claim in the trial court remains undecided, the case is not yet ripe for appeal.

7. This means that there is only one proper decision that the AR Court of Appeals can make in that case: To remand the case back to the Circuit Court for proper adjudication of all remaining claims. I cannot imagine how they could possibly rationalize any other decision; after all, if the case is technically an interlocutory appeal, that means that the Court of Appeals does not yet have jurisdiction over the case. Even if they did issue any other decision, whatever decision they come up with would be taken in the complete absence of jurisdiction and, therefore, not be protected by judicial immunity.

8. However, this lack of filing of the order also means that somebody should be held liable for failing to file the order in the first place.

### Section 2: Statutorily Protected Activities

9. The Contents of ¶¶ 9-13 (including all sub-paragraphs 13(a)-13(g)) of the "Complaint and Jury Demand" are hereby incorporated by reference.

### Section 3: Adverse Action

10. On January 23, 2015, I received an email from Special Judge Russel Rogers' secretary,

Kristie Williams. Attached to that email was an order stating, in pertinent part, that he was only allowing two of the six original torts to be sent to jury trial, the implication being that he was sua sponte dismissing all the other claims for no reason.

11.    This order also stated, at the end, that he was sending a copy of that order to Polly Leimberg, the Trial Court Assistant to Administrative Judge Gordon Webb, so that it could be filed and made a matter of record in the state circuit court case.

12.    However, this order apparently never got filed. Upon reviewing the order again, I think I understand the reason why: The order said he was sending a copy of that order to Polly Leimberg, but NOT to Clerk! Therefore, it never got included in the record when it should have been.

13.    This deficiency caused a multi-year delay in a civil case that was already plagued beyond belief with delay after delay after delay. A case that should have been finally adjudicated on June 1, 2015 (the date the Judgment on Jury Verdict was entered by the Clerk) now has a nearly two-year-long delay.

14.    Everybody was fooled by this deception. The plaintiff, the defense, all the other officers fo the court. The issuing of the order without filing it means that we all thought those claims had been dismissed when they really hadn't. Had we known they had not been dismissed, we would have tried those claims during the April 2015 jury trial, and this two-year-long delay would never have happened.

15.    Therefore, this failure to file the order when everyone thought it had been filed has caused a nearly two-year-long delay in the proceedings. If this failure to file can be shown to have been motivated by retaliatory animus, then the party responsible should be liable to me for the delay.

**Section 4: Causal Connection**

16. This failure to failure to send the order to the Clerk for filing is almost certainly motivated by my litigation history (which, as we have established, is statutorily protected under the ADA). I have already established that Russel Rogers retaliates against me by his own admission and does not make even the slightest effort to hide his retaliatory animus against me. See ¶ 21-22 of the "Complaint and Jury Demand." I trust that no further factual allegations are required. Since this is a purely administrative act on his behalf (filing and updating the Court record with his decisions and orders), that means that his actions are not protected by judicial immunity. See Forrester v. White, 484 US 219 (1988).

17. The only way Rogers could argue that he did not act out of retaliatory spite is if he argued that it was a mere oversight that it did not get sent to the right office ... that he genuinely believed in good faith that sending the order to Polly Leimberg would be enough to have the order appear on the record.

18. However, first of all, that would suggest gross incompetence on his part as both a jurist and attorney. After all, what attorney in their right mind thinks that you're supposed to file an order in a case with anyone other than the Clerk? That's one of the most basic parts of court administration! You might as well believe that the *bailiff* can accept filings on your behalf! Or the courthouse janitor!

19. Second, we can safely rule out that possibility because every other order he issued in that got filed without a hitch. He sent copies of every other order after that one to the Clerk for filing, not the trial court assistant. So, he clearly knows the correct office to file things in if he wants those filings to appear on record. His failure to do so the first time is clearly not an act of incompetence on his part.

20. Therefore, the odds are a million to one that the reason Rogers sent the order to the trial court assistant and not the Clerk is because ... he was purposefully trying to keep the order off the record!

21. Since he has already openly confessed to holding a grudge against me because of my statutorily protected activities (see ¶¶ 21-22 of the "Complaint and Jury Demand"), that means that retaliation is the most likely motivation behind his intention to purposefully convolute the case and confuse the parties.

22. Therefore, the State of Arkansas should be vicariously liable to me under the doctrine of *respondiat superior* for an act of retaliation in violation of § 503 of the Americans with Disabilities Act. Since both were agents of the State of Arkansas at the time, and the State of Arkansas is subject to the same liability as a private citizen (See § 502 of the Americans with Disabilities Act), that means that, whoever is responsible for this deficiency, the State of Arkansas incurs vicarous liability as their employer.

23. However, I also ask that Russel Rogers be joined as a party in this action. He committed an of First Amendment Retaliation in his official capacities for the same reasons as described above. Therefore, he should be held liable under the stripping doctrine for violating 42 USC § 1983.

### Section 5: Injuries Suffered

24. As stated before, this injury caused the state case to suffer a multi-year long delay that could have been avoided had the special judge done his job and filed his order with the Clerk. The question, then, is ... how much did this delay cost me?

25. During the Motion for Summary Judgment in this case, I requested damages of $4,430.96 per day as compensation for causing the delay. I request the same daily damages against the State

of Arkansas and Russel Rogers. However, instead of the daily damages beginning on October 7, 2016, I ask that the daily damages subsequently begin on June 1, 2015. Previously, October 7, 2016 was the day the Clerk officially became liable for not supplementing the record, but now, June 1, 2015 is the date when the injury stemming from Rogers' failure to file the order with the Clerk actually took effect. The daily damages can end when the AR Court of Appeals issues the decision mentioned in ¶ 7 of this Motion, since that is the day when the delay will no longer be happening.

26.     This means that, as of the time of this writing (April 4, 2017), the defendants will have racked up a total of 673 days worth of delay that their refusal to file the order has caused me. Even if the AR Court of Appeals issues today the decision it inevitably must issue as described in ¶ 7, both Russel Rogers and the State of Arkansas will have racked up daily damages of $2,982,036.08 (two million, nine hundred eighty-two thousand, thirty-six dollars and eight cents).

27.     In addition to that, I also repeat my request for prospective injunctive relief from ¶ 37 of the Complaint and Jury Demand. I request an injunction for the State of Arkansas to never again retaliate against me. This means that they should be ordered to never again use my litigation history as a factor in any of their actions or omissions.

### Section 6: Recap

28.     That was a lot to take in all at once, so let's recap:

(a)     Russel Rogers – acting on behalf of the State of Arkansas – purposefully pretended to issue an order in a civil case when he really didn't.

(b)     This act of blatant and deliberate fraud confused both parties, plaintiff and defense alike, who believed two thirds of the claims in that case had already been adjudicated when

they really hadn't.

(c)    This lead to a 670+ day long delay in the proceedings that included an entirely pointless appeal process that didn't even matter.

(d)    This delay would not have happened if Rogers had filed the order like he pretended to, instead of purposefully deceiving the parties.

(e)    This act of blatant deception – where he pretended to file an order when he knew full well that it would not be filed – was almost certainly done out of pure spite towards me for my statutorily protected activities, as evidenced by the fact that he has never made any effort to hide these motives or pretend like his actions were more honorable.

(f)    This act of deception could not possibly have been a sign of incompetence on his part, since every other order in the case was filed with the Clerk like it should have been.

(g)    Since he was acting under the employment of the State of Arkansas at the time, he should be liable as a government actor under 42 USC § 1983 and the State of Arkansas should be liable under § 503 of the Americans with Disabilities Act.

(h)    These defendants should be held liable for $4,430.96 per day, starting from June 1, 2015 and ending when the AR Court of Appeals issues the only decision it has jurisdiction to issue, and remands the case back to the Circuit Court to adjudicate the issues that should have been adjudicated the first time.

29.    Hopefully this shorter list can help you fully understand the admittedly clustered complaints made in this Motion. If you wish to ask me some questions about this complaint, I would also be happy to answer them.

## CONCLUSION

30.    Wherefore, premises considered, I respectfully request that this Motion to Amend

Complaint be granted, that this Court order that Russel Rogers be served with a summons in this case and made to answer for his deception, that Rogers be held liable for $4,430.96 per day, starting from June 1, 2015 and lasting until the AR Court of Appeals issues a mandate correcting his deception. I ask that the State of Arkansas be held vicariously liable under § 503 of the ADA for the same amount, that an appropriate prospective injunction be awarded, that costs incurred be awarded, and any other relief to which I may be entitled.

So requested on this, the 4th day of April, 2017.

/s/ David Stebbins

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

David Stebbins
123 W. Ridge St.,
ATP D
Harrison, AR 72601

U.S. District Court
35 East Mountain Street, Room 510
Fayetteville, Arkansas 72701-5354