

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS                                                         PLAINTIFF

VS.                              CASE NO. 3:17-cv-03016

STATE OF ARKANSAS AND
BOONE COUNTY CIRCUIT CLERK                              DEFENDANT

## MOTION AND INCORPORATED BRIEF IN SUPPORT THEREOF FOR DEFAULT AND FOR DEFAULT JUDGMENT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion

for Default in the above-styled action.

1.      The Defendants had until April 10, 2017 to file their Answer. See Doc. 40. As of the time

of this writing (12:15AM on April 11, 2017), they have not filed their Answer.

2.      They have filed a Motion for Extension of Time to file their Answer. See Doc. 43.

However, as of the time of this writing (12:15AM on April 11, 2017), that motion has not been

ruled on.

**Motion for Extension is not self-granting.**

3.      They appear to believe that they are exempt from having to file an Answer as long as

their motion for extension is pending. They apparently do not believe the motion has to actually

be *granted* for them to be exempt from having to file the Answer.

4.      This is a patently frivolous legal belief. The parties still have to obey the existing court

orders until those orders are withdrawn by another court order. This is echoed in Fed.R.Civ.P.

60(c)(2) ("The motion does not affect the judgment's finality or suspend its operation"). While

that Rule only applies to motions for relief of judgment, the principal behind that rule is still

applicable to all court orders, even if a different written statute might apply.

5.    Case in point: In Case No. 4:16CV00545-JM in the Eastern District of Arkansas, the court had issued a scheduling order ordering the 26(f) Report to be filed no later than January 18, 2017. See Doc. 22 in that case. The Defendants – the State of Arkansas, just like in this case – moved for an extension of time while their Motion to Dismiss was still pending. They argued that it was error for the district court to enter a scheduling order before the motion to dismiss was resolved. See Doc. 39.

6.    The order on that motion to stay did not come until after January 18. See Doc. 45. Therefore, because the deadline for the 26(f) Conference was still pending until the order was entered, the Defendants realized that they had no choice but to comply with the existing deadlines. See Doc. 42.

7.    The same logic applies here. They may have requested additional time to file their Answer, but the Court has not ruled on it yet. Therefore, their Answer is still overdue.

**The Defendants have no excuse for not filing a late night Answer.**

8.    Unlike in the case in the Eastern District, the Defendants will likely argue that they have an excuse for failure to file their Answer in this case. Namely, since the defense attorney is involved in a highly-complex, high stakes trial this week, she never had any opportunity to view the PACER records to tell if she still needed to file any Answer, at least not until after 5PM, at which point, the clerk's office cannot accept any more filings.

9.    But this is a patently frivolous. Not only is it frivolous even in theory, but the Defendants have already acted in a way that refutes this argument. Their Supplement to Motion for Extension of Time (Doc. 45 in this case) was filed late night on April 9, 2017 … on a Sunday, no less.

10.    In other words, the Defense Attorney has clearly demonstrated that she is willing to work nights and weekends to get everything out on time. So … she could have easily checked the

Pacer records of this case after court adjourns in her trial on Monday, and checked to see if she needed to file something.

11.     If she had filed her Answer then, it would still have been timely! Fed.R.Civ.P. 6(a)(3)(A) clearly states that the deadline for filing things, when you are filing via electronic means, is midnight, not the end of the business day. That's why I am waiting until after midnight before printing this out and putting it in the mail.

12.     If Hodge is simply being overworked, well ... maybe the State of Arkansas should have thought of that before they assigned this case to an attorney who already had too many cases. I've had plenty of attorneys decline to represent me, not because my claims were meritless, but because they already had too many cases to work. Maybe they should have assigned the case to an attorney who already had a fairly light schedule.

### Default as a punishment for repeated violations of rules.

13.     In any event, the Defendants deserve to be listed in default, just as punishment.  It has been less than a week since they appearance in the case, and already, they have racked up three violations of the Rules of Civil Procedure.

14.     First, they filed their Motion for Extension of Time without conferring with me first, which is expressly against the rules. This alone is grounds to denying the motion.

15.     Furthermore, after reviewing the motion on PACER, I have noticed that her certificate of service states only that "a copy of the foregoing has been filed via the CM/ECF notification system, which will send notice to all participants." She never says that she was also mailing a copy to me. This means that the motion was filed *ex parte*. She never conferred with me but instead just filed the motion without even attempting to follow the rules ... and it was an ex parte motion to boot!

16.     For that matter, she never explained why she needs a whopping 30 days extra! Her trial is expected to carry over until April 13, 2017, but why does she need 30 days extra and not just an extra week? This request – grossly in excess of what they supposedly need – just seems to suggest that they are trying to drag out the case as long as possible for the sole purpose of delaying the case and therefore delaying their liability.

17.     Add it all up, and we have a defendant who has repeatedly violated the most basic rules of federal civil procedure at nearly every opportunity given. Even if the Court might be willing to excuse their late Answer, they deserve to be held in default simply as punishment for repeatedly breaking the rules, since it is now clear that they have no intention of following the rules.

### Default Judgment

18.     I request default judgment for both injunctive relief and damages. First, I request that the Court enter the injunction I requested in ¶ 37 of the Complaint and Jury Demand. This means that they should be ordered to permanently and perpetrually cease and desist the consideration of my litigation history in *any* of their official actions.

19.     If they are held in default, that means that their liability for all the injuries mentioned in the Complaint and Jury Demand are also established by default. This means that they should be held liable to me for the $11,000,000 for the loss of the state court case that their retaliation caused me.

20.     I also demand that they be ordered to pay $506,301.60 in damages for post-judgment interest. They spent a total of 168 days delaying compliance with the Court of Appeals mandate, and in the Complaint and Jury Demand, I requested $3,013.70 per day for each day of that delay. Since that delay lasted 168 days, that means they should also be held liable for $506,301.60.

## Conclusion

21.    The Defendants have been properly served with process. Despite this, and despite not being given any extension, they have not filed any Answer by the allotted time, and have no excuse (or at the very least, no valid excuse) for not doing so. Even if they might have an excuse for not doing so during the day, they have already demonstrated that they are willing to upload late at night if they need to.

22.    Furthermore, they have already racked up more procedural violations in the week they have appeared in the case than many attorneys rack up in an entire decade. It is clear, at this point, that the defendant State of Arkansas has no intention of actually following the rules. Declare them in default, and that will teach them to not follow the rules.

Wherefore, premises considered, I respectfully request that this motion for default be granted, judgment by default be entered in my favor for prospective injunctive relief and damages in the amount of $11,506,301.60, award costs incurred, and any other relief to which I may be entitled.

So requested on this, the 11th day of April, 2017.

David Stebbins
123 W Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

 

**Click-N-Ship®**

usps.com
$6.65
**US POSTAGE**
Flat Rate Env

9405 8036 9930 0432 6250 79 0066 5000 0017 2701



04/11/2017          Mailed from 72601          0828000000309

## PRIORITY MAIL 2-DAY™

DAVID A STEBBINS                    Expected Delivery Date: 04/13/17
8627 HOPEWELL RD
HARRISON AR 72601-8407                              **0006**

**C005**

SHIP
TO:

   U.S. DISTRICT COURT
   35 E MOUNTAIN ST STE 510
   **FAYETTEVILLE AR 72701-5353**

### USPS TRACKING #



**9405 8036 9930 0432 6250 79**

Electronic Rate Approved #038555749

