IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**DAVID A. STEBBINS**                                                    **PLAINTIFF**

**V.**                          **Case No. 3:17-CV-03016**

**STATE OF ARKANSAS and**
**BOONE COUNTY CIRCUIT COURT CLERK**                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a civil rights action filed by Plaintiff David A. Stebbins. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). The Court has screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2), and dismisses the case with prejudice for the reasons explained herein.

### I. BACKGROUND

According to the allegations of the Complaint (Doc. 2), Mr. Stebbins filed a *pro se* lawsuit in the Circuit Court of Boone County, Arkansas on April 10, 2012. The case was dismissed. Mr. Stebbins filed an appeal with the Arkansas Court of Appeals, but he claims that when the Boone County Circuit Clerk ("Clerk") transmitted the official record of the case to the Court of Appeals, she intentionally omitted an important document: an order of *sua sponte* dismissal of certain claims, dated January 23, 2015 ("the January 23rd order" or "the missing order"). On September 7, 2016, the Court of Appeals entered an order directing the Clerk to supplement the record and send the missing order, if it existed and was, indeed, part of the official record of the case. According to Mr. Stebbins, the Clerk failed to respond to the order (at least as of the date the Complaint was filed), and

1

her inaction "ha[d] the effective result of putting [Mr. Stebbins'] appeal on the shelf indefinitely." (Doc. 2, p. 6). Mr. Stebbins also maintains that the State of Arkansas, who is named as a separate Defendant along with the Clerk, "has done absolutely diddly to enforce the order against the Circuit Clerk" or otherwise require the Clerk to comply with the Court of Appeals' order. *Id.*

In reviewing the claims asserted in the Complaint, Mr. Stebbins maintains that his constitutional rights were violated, pursuant to 42 U.S.C. § 1983, due to the Clerk's refusal to act on the Court of Appeals' order, and due to the State of Arkansas' refusal to require the Clerk to act. He believes he was deprived of his right "to access the appellate court system," *id.* at 12, due to the Clerk's inaction, and charges that the State of Arkansas committed "just as much a constitutional violation as the Clerk's decision to tamper with the record in the first place," *id.* at 11, by failing to discipline the Clerk. He also vaguely alleges a violation of his right to due process, presumably due to the Clerk's and the State's failure to act. Finally, he states his belief that Defendants, and other unnamed state and local actors, are retaliating against him for having filed multiple lawsuits in state court. The Complaint contains a non-exhaustive list of seven *pro se* lawsuits that Mr. Stebbins filed in the past, but were dismissed. *See id.* at 3-5. Mr. Stebbins opines that "every officer of the State of Arkansas who I have ever come into contact with, from 2010 to the present, not just [Boone County Circuit Judge] Russel[l] Rogers, has made no secret that they disdain me because of my litigation history." *Id.* at 7. He further contends that a "retaliatory motive" has fueled the Clerk's and the State's decisions in the case at bar, and that he has suffered damages due to the halting of his appeal, however temporary. He

points out that if, hypothetically, he were to prevail in the pending appeal, he would be entitled to an $11,000 judgment, plus post-judgment interest. He also asks that the Court enjoin the Defendants from retaliating against him for his past litigation.

Preliminarily, the Court takes judicial notice of the Arkansas Court of Appeals' order of September 7, 2016, which appears at Doc. 21, pp. 23-27. The order pointed out multiple deficiencies in Mr. Stebbins' appellate briefing, including "a significantly deficient addendum and abstract." *Id.* at 24. The order also noted that the addendum "contains a document not contained in the record"—the missing order Mr. Stebbins identified in the Complaint in the case at bar. *Id.* at 25. The Court of Appeals described the missing order as a letter from Judge Rogers, dated January 23, 2015, a copy of which Mr. Stebbins attached to his appellate briefing, in the addendum portion. The Court of Appeals then explained that the letter did not appear in the official record of documents transmitted by the Clerk to the Court of Appeals. Accordingly, as the letter appeared—for the first and only time—in Mr. Stebbins' briefing alone, and not in the official court record, the Court of Appeals expressed skepticism that the document was, in fact, an official part of the record on appeal. The Court directed the Clerk to investigate the matter and to supplement the record with the letter "if it exists," *id.* at 24, and then remanded the case to the trial court "to settle and supplement the record with the omitted document (the trial court's January 23, 2015 letter) within thirty days" and allow Mr. Stebbins the opportunity "to file a substituted abstract, addendum, and brief within fifteen days from the date that the supplemental record is filed." *Id.* at 26.

Along with the Complaint in this case, Mr. Stebbins recently filed a Motion for Leave to Amend the Complaint (Doc. 41). In that Motion, he requested permission to add Judge

3

Rogers as a separate defendant "for acts of First Amendment Retaliation." *Id.* at 1. Interestingly, Mr. Stebbins also admits in the Motion to Amend that, as of April 6, 2017, it now appears that the missing order/letter of January 23 that is the primary subject of controversy "was never in fact filed in the Circuit Court in the first place," *id.* at 2, and is therefore *not* part of the official record in the state court case. His allegation that the Clerk intentionally omitted that document from the record appears to be moot; however, he does not move to dismiss her from the case. Instead, he directs his attention to Judge Rogers, whom he now blames for "fail[ing] to send the [January 23rd] order to the Clerk for filing." *Id.* In Mr. Stebbins' view, "somebody should be held liable" for failing to include the January 23rd letter/order in the official state court record—either the Clerk or Judge Rogers, or perhaps the State of Arkansas, which Mr. Stebbins identifies as the employer of both of these individuals. *Id.*

The Court takes further judicial notice of the fact that the Clerk, Rhonda Watkins, filed an affidavit in the Court of Appeals of Arkansas in Mr. Stebbins' case, regarding the much-discussed "missing order." In her affidavit, she officially affirmed that "no letter from the trial judge on this case was filed on January 23, 2015 nor at a later date." *See David A. Stebbins v. David D. Stebbins*, Case No. CV-16-16 (Ark. Ct. App. 2015).

## II. LEGAL STANDARD

The federal statute that authorizes Mr. Stebbins to proceed *in forma pauperis* is 28 U.S.C. § 1915. Section 1915(e)(2) of the statute empowers the court to "dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

4

against a defendant who is immune from such suit." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a pro se complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## III. DISCUSSION

This case is subject to summary dismissal pursuant to Section 1915(e)(2)(B) because: (1) it fails to state a claim under Section 1983 for the violation of any constitutional right; (2) both named Defendants, as well as the purported defendant Mr. Stebbins wishes to add to his Complaint, are all immune from suit; and (3) the allegations in the Complaint are legally without merit and therefore frivolous. Beginning with Mr. Stebbins' allegation that he suffered violations of his right of access to the courts and of his right to due process, these assertions are meritless. The Complaint, even when read as broadly as possible, does not state facts that would lead a factfinder to believe that Mr. Stebbins was denied access to the state courts or was deprived of any procedural safeguards otherwise provided to civil litigants. Throughout the pendency of the instant lawsuit, Mr. Stebbins' appellate case has continued to proceed and has not been terminated. Moreover, it is evident that Mr. Stebbins—and not anyone else—introduced

5

delay into his appellate case by attaching to his briefing a copy of a document that was not a part of the official record below. The Court of Appeals questioned the authenticity of this document and whether it was, in fact, part of the record, and Mr. Stebbins became frustrated at the delay that followed. Under these facts, any claim by Mr. Stebbins that Defendants retaliated against him in some way, due to his disability or otherwise, also lacks merit.

The second basis upon which the Court dismisses this case is that the State of Arkansas, the Boone County Clerk, and Judge Rogers—assuming for the sake of argument that he were added to the lawsuit as a defendant—are all immune from suit. According to *Nix v. Norman*, 879 F.2d 429, 430 (8th Cir. 1989), the State of Arkansas is subject to sovereign immunity, as "a suit brought solely against a state or a state agency is proscribed by the Eleventh Amendment." Although a state agent could be found liable in his or her official capacity for injunctive or prospective relief, *see id.*, a *court clerk* could not be subject to such liability because "clerks of court are entitled to immunity the same as judges," *Davis v. McAteer*, 431 F.2d 81, 82 (8th Cir. 1970). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability," *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994), and that immunity may only be overcome if (1) the judge's challenged action is non-judicial; or (2) the judge's action, "though judicial in nature, [was] taken in the complete absence of all jurisdiction," *Mireles v. Waco*, 502 U.S. 9, 11 (1991). In the case at bar, the Clerk's official duties involved sending a copy of the entire trial court record to the Court of Appeals. Any complaint by Mr. Stebbins as to how she performed this function would be immune from suit. Similarly, any allegation by Mr. Stebbins that Judge Rogers erred in failing to file a document as part of the official record of the case is a task

within the scope of his judicial duties and would also be protected by immunity.

Lastly, the third basis upon which the Court dismisses this Complaint is due to frivolousness. Mr. Stebbins sued a court Clerk, who is immune from suit, for failing to transmit to the Court of Appeals a document that was never a part of the official record of the case; then, he sued the State of Arkansas, which is also immune from suit, for failing to force her to transmit this document. If given the opportunity, Mr. Stebbins would have also sued the circuit judge for declining to make the document an official part of the record, and for dismissing his lawsuit in the first place. For all of these transgressions, he imagined that he was entitled to receive damages *in this Court* for the period of delay he suffered *in the Court of Appeals*, as he waited for all of these matters to be finally resolved. Clearly, the Complaint lacks any arguable basis in fact or law and is frivolous.

## IV. CONCLUSION

**IT IS ORDERED** that Plaintiff David A. Stebbins' Motion for Leave to Amend the Complaint (Doc. 41) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Judgment will enter contemporaneously with this Order.

**IT IS FURTHER ORDERED** that all other pending motions are **MOOT**.

**IT IS SO ORDERED** on this 14TH day of April, 2017.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

7