APR 20 2017

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

DAVID A. STEBBINS                                          PLAINTIFF

VS.                            CASE NO. 17-3016

BOONE COUNTY CIRCUIT CLERK,                                DEFENDANTS
STATE OF ARKANSAS

### BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION AND TO RECUSE

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Brief in Support of his Motion for Reconsideration of the Court's order sua sponte dismissing the complaint.

**The grounds for dismissal are barred by res judicata.**

1.  This case was originally filed in the Eastern District of Arkansas. It was assigned to judge Brian Miller. On December 15, 2016, he issued an order granting me leave to proceed *in forma pauperis*. In issuing this order, he necessarily adjudicated the frivolousness of the Complaint. He necessarily reviewed the Complaint and found that it stated a claim upon which relief can be granted. See Doc. 4.

2.  This Court cannot review – sua sponte or otherwise – any matters that have already been adjudicated. It is called "res judicata."

3.  The doctrines of res judicata and collateral estoppel prevent review of issues that are not only actually adjudicated, but are necessarily adjudicated. See *Montana v. United States*, 440 US 147, 153 (1979).

4.  In granting the order to proceed *in forma pauperis*, Judge Miller necessarily determined all of the following:

    • My Complaint stated a claim upon which relief can be granted (and, by proxy, were

necessarily not frivolous), and

- The Defendants at-the-time were not immune from suit, whether it be absolute immunity or qualified immunity.

5. Judge Miller necessarily found these things in my favor; otherwise, he could not have granted the application for leave to proceed *in forma pauperis*.

6. Therefore, in issuing its order of dismissal, this Court is effectively deciding that Judge Miller made the wrong choice.

7. It is not this Court's authority to sit in review of the actions of another district court. Even if that District Judge acted entirely against the law, and should be impeached by Congress for his blatant and egregious misapplication of the law, the bottom line is *that is not this Court's decision to make*! The AR Court of Appeals can make that decision! The Judicial Discipline Council (lead by the Chief Justice of the 8th Circuit) can make that decision! Congress can make that decision! But another district court cannot!

8. This Court has overstepped its authority by a country mile by completely reversing the fully competent decision of a past judge on this case.

### There is no immunity.

9. This Court also states that all defendants are immune from suit. It holds that the State of Arkansas is immune from suit under the 11th Amendment, citing Nix v. Norman, 879 F.2d 429, 430 (8th Cir. 1989). It also states that Court Clerks have absolute immunity, citing Davis v. McAteer, 431 F.2d 81, 82 (8th Cir. 1970).

10. Neither of these two case laws are applicable here.

11. Nix v. Norman only addresses the issue of 11th Amendment immunity as it pertains to suits filed under 42 USC § 1983. I am not suing the State of Arkansas for a violation of 42 USC

§ 1983; I am suing them for a violation of the Americans with Disabilities Act. The case law this Court cites does not address suits against state governments for violations of the Americans with Disabilities Act. Indeed, it *couldn't* address those types of suits, as the Americans with Disabilities Act did not even exist at the time.

12.  Congress has the authority, under the Fourteenth Amendment, to abrogate sovereign immunity when the suits actually violate the Fourteenth Amendment. It has done so in the case of the Americans with Disabilities Act. See 42 USC § 12202. The U.S. Supreme Court has clearly held the Americans with Disabilities Act to be a valid abrogation of 11th Amendment immunity. See Tennessee v. Lane, 541 US 509 (2004); see also United States v. Georgia, 546 US 151 (2006).

13.  The case law the Court has cited to justify its patently frivolous dismissal of the Complaint is completely inapposite to the case at hand, and it should be reversed.

14.  Next, this Court cites the case of Davis v. McAteer, 431 F. 2d 81, 82 (8th Cir. 1970) as grounds to dismiss the complaint against the Circuit Clerk, arguing that this precedent gives clerks the same immunity as judges.

15.  This precedent has been expressly overturn by the Supreme Court. In 1993, the Supreme Court declared that there is no absolute immunity for officers of the Court who perform purely ministerial functions. See Antoine v. Byers & Anderson, Inc., 508 US 429 (1993). The Eighth Circuit Court of Appeals has held that this precedent applies to Court Clerks. See Maness v. Dist. Court, Logan County-Northern Div., 495 F. 3d 943, 944 (8th Cir. 2004).

16.  The case law the Court cites to support its decision of absolute immunity for court clerks simply does not apply anymore. At this point, the Court might as well be citing the precedent of Plessy v. Ferguson, 163 US 537 (1896) to justify dismissing a lawsuit against a school for its

racial segregation. It might have been the law of the land at one point, but it isn't anymore! Throw that case law in the trash! It isn't worth the paper it's written on!

### The Court misinterpreted the facts of the complaint.

17.     Judge Brooks argues that it was my fault for attempting to prosecute an appeal with an incomplete record. He argues that my case is frivolous because I'm trying to hold someone else liable for my mistakes. Nothing could be further from the truth.

18.     Any injury I might have suffered as a result of my own actions were promptly corrected on September 7, 2016. The AR Court of Appeals ordered the Clerk – they did not order me; they ordered the *clerk*, and no one else – to supplement the record, and *the clerk* failed to do so.

19.     It is baffling how the Court can think I'm attempting to blame someone else for my own mistakes when I clearly asked for the damages to begin piling on October 7, 2016. If I wanted to blame someone else for my own mistakes, should I have asked for the damages to start piling as soon as the record was lodged for appeal?

20.     Rather, it seems that Judge Brooks merely found my complaint to be one where I tried to hold someone else responsible for my mistakes, not based on a sound and reasoned assessment of the complaint, but rather, solely because that's the interpretation he wanted it to have.

### This dismissal was issued in bad faith.

21.     This Court has come along, five months after I was granted leave to proceed *in forma pauperis*, and decided to throw the case out, entirely on his own motion.

22.     I'm not an idiot. I absolutely can see what you're doing, here. Judge Brooks did not issue this order because he genuinely believed in good faith that the case was actually frivolous. This order was issued out of retaliation. Specifically, it was done in retaliation to a call I made earlier that day to the judge's chambers. During that call, I complained about why the case was taking so

long to move forward, and in particular, why the motion for summary judgment was taken so long to get a ruling when the Defendant made no effort to dispute the facts.

23.     Records of that call are hereby attached as **Exhibit 1**. This is a partial screenshot from my skype account, showing that I called the phone number 14796954460 (the number for Judge Brooks' Chambers, with the "1" at the beginning being the country code for the United States) on "Friday." Looking at the bottom-right corner of the screenshot, you can see that this screenshot was taken on Tuesday, April 18, 2017. This means that this "Friday" call happened on April 14, 2017.

24.     Almost certainly, Judge Brooks, after hearing about that conversation I had with the law clerk, only then decided, in a fit of rage (apparently taking my criticism of his lack of expediency as a personal insult), to throw the case out for whatever reason he could think of. After he caught wind of the conversation I had with his law clerk, he became enraged at the prospect that some little peon like myself would actually criticize the way a judge does his job! Oh, the nerve of that little nobody, having the audacity to criticize the way a district judge handles his judgeship! Oh, the nerve!

25.     So Judge Brooks proceeded to issue the worst ruling against me he could think of! That'll teach me to expect judicial expediency!

26.     Now, how do I know he issued this order because of the complaint? How do I know it wasn't coincidence that he already had this order planned, and it just happened to coincide with the call I made?

27.     The answer: Because just two hours before he issued this order, he also issued four other orders that were not dispositive.

- He removed Magistrate Judge Ford from the case.

- He granted the State of Arkansas' Second Motion for Extension of Time.
- He found the State of Arkansas' First Motion for Extension of Time moot because of him granting the second motion.
- He denied a Motion for Default Judgment.

28. So here's a question for you to ponder ... if he already had the order of dismissal planned, why would he bother issuing these orders that don't matter? His order of dismissal renders these motions moot.

29. So, he obviously decided he was going to dismiss the case sometime *after* filing those orders, not before ... meaning there was only a two hour time frame where he could possibly have made that decision.

30. At this point, the only explanation that could possibly exonerate him of suspicion of being biased is that he was issuing those orders for the sake of tying up loose ends ... aka he wanted to make sure all pending motions were dealt with before he closed the case.

31. But that doesn't make any sense for two reasons:

32. First, why would he bother *granting* the State's second motion for extension of time to file an Answer if that was his intent? Why wouldn't he just find it as moot like he did the first motion for extension?

33. On a similar vein, why would he bother removing the magistrate judge from the case if he was just going to throw it out? If the case is closed, what does it matter which judge is assigned? Did he think he couldn't issue his own pre-trial orders unless the magistrate judge ruled on them first, so he had to remove the magistrate judge before he could be allowed to issue an order of his own? That doesn't make sense; there is absolutely no law (rule, statute, case law, or otherwise) that even remotely suggests that limitation on his power. Besides, the order of

dismissal itself was clearly done in complete disregard to the limitations on his power! So why should he start to care about the limitations of his power now?!

34.   Second, in issuing his order of dismissal, he also stated that all other pending motions were denied as moot. So, his other four orders that day clearly weren't done to tie up any loose ends, since he already had a means of tying up loose ends without having to issue individual rulings on each individual motion!

35.   Additional evidence that this was done at the spur of the moment can be found in the *title* of the order. All the title says is that it is an order denying the motion for leave to amend the complaint. Judging from the title of the order, there is no indication that the judge had any intention of adjudicating the original complaint as well. This indicates that adjudicating the motion for leave to amend is the only thing he had planned originally, and that the dismissal of the original complaint was shoe-horned in at the last minute.

36.   So no, all evidence points to Brooks starting the day on April 14 having no intention of dismissing the case, only for something to happen during day that would incite the judge to issue this ruling.

37.   And the fact that I called and complained about the lack of judicial expediency is the only thing known to have happened that day that could possibly have triggered such a change of heart. He caught wind of the conversation I had with his law clerk, became enraged at the prospect that some little peon like myself would actually expect a judge to follow Canon 3(A)(5) of the Code of Conduct of United States Judges! Oh, the nerve of that little nobody, expecting him to have to actually follow the code of conduct that he agreed to follow when he became a judge! Oh, the nerve! So he proceeded to issue the worst ruling against me he could think of! That'll teach me to expect judicial expediency!

38. Even if he made the quote-unquote "right" decision (which he clearly did not; see the above sections for details), the fact that he clearly did so out of spite and malice (a motive which becomes more and more obvious the more you think about it) automatically renders his judgment invalid, without regard to any other extenuating circumstances. "No matter what the evidence was against him, he had the right to have an impartial judge." See Tumey v. Ohio, 273 US 510, 535 (1927).

39. Therefore, to avoid the appearance of impropriety and to avoid bringing the judiciary into disrepute, this Court must do two things:

1. Vacate Docs. 49 & 50, and order the case to be reopened.

2. Recuse from these proceedings, and all future proceedings in which I am a party.

40. Vacating the orders would not be enough. If you remain on this case, you would still have the bias against me. That bias doesn't magically go away just because you begrudgingly changed the order because you got caught. If anything, such a quote-unquote "corrective" action would be the equivalent of some killer rinsing his bloody knife in the sink ... ***after a cop already saw the bloody knife*** ... and then arguing that there is no evidence he stabbed anybody!

41. Since Judge Brooks had clearly demonstrated that he is incapable of putting his personal hatred towards a person in the back of his mind and judge fairly, impartially, and conformly with the laws, perhaps he should consider stepping down from the bench entirely. After all, in issuing this ruling purely out of spite towards me, Judge Brooks has clearly shown that he lacks two of the most important traits a judge must have: Impartiality and emotional control.

### Confession by Brooks to Rage-Induced Pre-Judging

42. Judge Timothy Brooks has also recently taken this one step further: He is pre-judging any attempts to by me to access the Court of Appeals without prohibitively expensive costs. He has

gone on record to state that he already plans on denying any application for leave to proceed on appeal in forma pauperis if I try to appeal the order dismissing the entire case. He doesn't even know yet what my points on appeal will be! All he knows is ... I disagree with him, and therefore, it must be in bad faith! Because consistent with the whole reason he issued this order in the first place, anyone who disagrees with Timothy Brooks is necessarily acting in bad faith! The case is frivolous and you're not willing to even ENTERTAIN any arguments to the contrary!

43. In other words, he has pre-judged the appeal. And that is another thing that shows judicial bias.

44. I hope that you will realize that, in a fit of rage, you have completely thrashed every single one of my due process rights by denying me my absolute right to an impartial judiciary. I hope you will show me that you at last have a soul, and see the error of your ways and correct your error.

### Real or perceived bias necessitates recusal.

45. It is important to note that the standard which mandates Judge Brooks' recusal is not whether or not he was actually biased. He clearly was. But even if he was not, recusal is still required here.

46. The *appearance* of personal bias is just as important as *actual* personal bias. See US v. Tucker, 78 F. 3d 1313, 1324 (8th Cir. 1996) ("disqualification is required if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown"). A reasonable person doesn't even have to conclude that the judge was partial; as long as a reasonable person "would question" the impartiality, that is good enough to require recusal.

47. 28 USC § 455 does not require a judge to recuse when he is not impartial; he is required

to recuse whenever "his impartiality might reasonably be questioned."

48.     Here, under the circumstances[1], a reasonable person would indeed question that Brooks' decision to throw out the case was caused because of the criticism I made only a few hours prior. He issues rulings that day that suggest he expects the litigation to continue ... then I make a criticism ... and then he issues an out-of-nowhere dismissal, and even pre-judges by saying he will do everything in his power to prevent me from even being able to afford to appeal the ruling. Anyone with half a brain would question Judge Brooks' impartiality under those circumstances. The order of events is simply too coincidental.

49.     Therefore, even if Judge Brooks can offer some evidence that his impartiality was not in fact tainted by the coincidental criticism that occurred only a few hours prior, the bottom line is that there is still the *appearance* of impartiality, and the *appearance* of bias is all it takes to require recusal.

## CONCLUSION

50.     I have already filed a complaint with Diana Hogenmiller to be forwarded to the Committee on Judicial Conduct and Disability. This was filed *before* you even issued the April 14 order dismissing the case! I have complained about how your rulings are clearly based on personal hatred towards me, which triggers one of the few times they will consider a merits-related decision[2]. In this complaint, I made arguments not unlike those I made in Paragraphs 21-43 of this Brief.

---

1 Circumstances which include, but are not limited to ... the order of dismissal coming out of nowhere, and the judge's rulings for that day, up to that point, suggesting that he planned on litigating the case with full discovery and partisan participation, only to turn a complete 180 mere hours after I called and criticized the inefficient way he handled his judging.

2 "If, however ... an otherwise merits-related complaint includes supported allegations that the judge had an improper motive in acting or delaying ... those allegations will be considered." See http://media.ca8.uscourts.gov/files/howtofile_jdc.pdf

51. I would humbly ask – for both our sakes – that you do not give me even more reason to complain against you. Your personal bias against me has now become so blatant that you are not even trying to hide it anymore. You're just a bully; you just *don't care* that what you're doing is wrong!

Wherefore, premises considered, I respectfully request that this Motion for Reconsideration be granted, and the case be reopened.

So requested on this, the 19th day of April, 2017.

/s/ David Stebbins
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

