US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JUN 0 6 2017

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. STEBBINS                                                                PLAINTIFF

VS.                       CASE NO. 3:17-cv-03016

STATE OF ARKANSAS AND
BOONE COUNTY CIRCUIT CLERK                         DEFENDANT

## AMENDED NOTICE OF APPEAL

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Amended Notice of Appeal in the above-styled action.

1. I wish to appeal every single solitary adverse made in both the Memorandum Opinion and Order Dismissing Case With Prejudice, and the Order Denying Motion for Reconsideration and to Recuse. Specifically, I appeal all of the following points:

(a) The District Court acted entirely out of malice and retaliation when it sua sponte dismissed the entire case, not because it was something he had been planning for a few days. Rather, it was clearly a choice he made at a moment's notice out of spite towards me complaining about the lack of judicial expediency.

(b) The judge abused his discretion by refusing to recuse himself, even though a reasonable person would have questioned his impartiality. Judge Brooks never addressed this argument, instead assuring that he wasn't biased (even though he almost certainly was), completely ignoring the law that requires recusal whenever there is a reasonable perception of bias, even if the absence of actual bias.

(c) The Complaint did not fail to state a claim upon which relief can be granted. Judge Brooks completely lied about what the complaint entailed in an attempt to make the Complaint look more frivolous than it actually is.

(d) The Complaint was not speculative. The defendant openly admitted in writing to discriminating against me.

(e) The mere fact that a jury ruled in my disfavor is not, alone, by itself, irrefutable evidence that the judge was not biased against me.

(f) The District Judge acted outside of his authority by summarily ordering me to not contact him when I have not violated his rights in any way, shape, or form.

2. This Court has stated that it will not grant any application for leave to appeal *in forma pauperis*. I ask that this Court reconsider that position. The only grounds this Court has stated for making this decision is that ... the Court has found the complaint to be subject to dismissal. This alone, without more, is not adequate grounds to render any legal action in bad faith. See Neitzke v. Williams, 490 US 319 (1989).

3. If that were all it took to render the appeal as being in bad faith under 28 USC § 1915(a)(3), then no appeal, in any case, could ever be taken *in forma pauperis*. The whole point of an appeal is that the appellant disagrees with the district court's decision.

4. Or ... do you just not care? Is that the whole point of your order? To deny me leave to access the appellate courts at an affordable cost, solely on the grounds that you disagree with me?

5. Moreover, even if the grounds stated were not patently unconstitutional, such pre-judging is a gross abuse of judicial power. Before this Court even knew what points were being appealed, he already decided that any appeal – no matter how well thought out – was necessarily a frivolous appeal.

6. Pre-judging is not allowed. Period. It doesn't matter how clear-cut the case appears to be. Pre-judging is a flagrant violation of my due process rights. In fact, many case laws have

recognized pre-judging a case as being *synonymous* with judicial bias, not merely evidence of it. See Wheatley v. Warren, 334 SW 2d 880 (1960) ("An ... officer exercising judicial or quasi-judicial power is disqualified or incompetent to sit in a proceeding in which he has prejudged the case, or in which he has a personal or pecuniary interest, where he is related to an interested person ... or where he is biased, prejudiced, or labors under a personal ill-will toward a party."). See also Gardiner v. AH Robins Co., Inc., 747 F. 2d 1180, 1192 (8th Cir. 1984) ("When a judge passes judgment on parties before him without hearing all of the evidence ... we deem such comments highly injudicious").

7. In other words ... pre-judging an issue means you are biased and that's all there is to it. You are not allowed to pre-judge any issue, period. That is an absolute bar on the court's authority.

8. I therefore ask this Court to reconsider its pre-judged decision to deny the application for leave to proceed *in forma pauperis* before the application was even submitted to the Court.

So requested on this, the 5th day of June, 2017.

/s/ David Stebbins

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com



U.S. District Court
35 East Mountain Street, Room 510
Fayetteville, Arkansas 72701-5354

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601